UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60086-CIV-COHN/SELTZER

JOSUE G. ALVAREZ CRESPO,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Prestige Orthopedics, LLC d/b/a Whitesands Orthopedics ("Whitesands") Motion to Quash and/or Motion for Protective Order [DE 23] and Thomas Roush, M.D./Columna, Inc.'s ("Columna") Motion for Protective Order and/or to Quash Subpoena Duces Tecum for Deposition [DE 33]. The Court heard argument of counsel at a hearing on July 13, 2016.

Whitesands and Columna are not parties to this action; they are medical providers who provided medical care and treatment to Plaintiff for injuries that are the subject of this litigation.[1] Specifically, Whitesands provided treatment through Dr. Merrill Reutter and Columna provided treatment through Dr. Thomas Roush. Reutter and Roush are expected to testify at trial.

Both motions address subpoenas duces tecum served by Defendant, Home Depot U.S.A., Inc. ("Home Depot"), pursuant to Fed. R. Civ. P. 30(b)(6). The subpoenas request

---

[1] This negligence action was filed in the Circuit Court in and for Broward County Florida, 17th Judicial Circuit and was removed to this Court pursuant to 28 U.S.C. 1441(b). [DE 1]. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332(a)(1).

three categories of documents and identify ten areas of inquiry of the corporate designee(s), largely pertaining to the medical providers' corporate, financial, and billing practices.  The non-party medical providers object to both the production of documents and areas of inquiry on the following grounds:  the information requested is overbroad, burdensome, harassing, and irrelevant to the medical care and treatment provided to Plaintiff; it is not calculated to lead to the discovery of admissible evidence; it infringes upon the privacy rights of both the medical providers and other patients; it involves trade secrets of the medical providers; and it exceeds the limits of expert witness discovery permitted under Florida law, specifically Fla. R. Civ. P. 1.280(b)(5).

At the outset, the Court notes that although the parties have briefed the issues solely in reference to Florida law, the Federal Rules of Civil Procedure govern discovery in diversity cases.  Walker v. Armco Steel Corp., 446 U.S. 740, 745 (1980); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1980).  As one district court judge noted, "It is rare that a Federal Rule would not cover the situation of a discovery matter.  'State law is of very little relevance to discovery in a federal action.'" Ward v. Estaleiro Itajai S/A, 541 F. Supp. 2d 1344, 1348 (S.D. Fla. 2008)(quoting 8 Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2005 (1994)).  These issues, therefore, must be considered in light of the federal discovery rules, in particular Rule 26(b)(1):

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

> burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Nevertheless, the Court finds that the Florida cases are relevant and helpful in its analysis of the proper scope of discovery.

Discovery of treating physicians who will testify at trial has been expanded by a series of Florida cases. Treating physicians are now recognized as expert witnesses, even though they are not technically "retained experts." See Steinger, Iscoe & Greene v. GEICO Gen. Ins. Co., 103 So.3d 200, 203 (Fla. 4th DCA 2012)("For purposes of uncovering bias, we see no meaningful distinction between a treating physician witness, who also provides an expert opinion (the so-called 'hybrid witness'), and retained experts."). Thus, defendants in Florida courts have been permitted to discover certain general financial bias information from treating physicians, as set forth in Fla. R. Civ. P. 1.280(b)(5)(A). However, the discovery permitted by Rule 1.280(b)(5)(A) is not a concrete limitation, as Florida "trial courts have discretion to order additional discovery where relevant to a discrete issue in a case." Steinger, Iscoe & Greene, 103 So.3d at 204; see also, Brown v. Mittleman, 152 So.3d 602 (Fla. 4th DCA 2014)(a referral relationship between treating doctor and attorney is discoverable); Katzman v. Ranjana Corp., 90 So.3d 873 (Fla. 4th DCA 2012)(discovery regarding a doctor's charges to insured patients and unisured patients treated under a letter of protection is discoverable and related to the substantive issue of the reasonableness of medical bills).

Trial courts must balance the burden on non-party witnesses in responding to the discovery with the facts and issues of the case at hand. Katzman v. Rediron Fabrication, Inc., 76 So.2d 1060 (Fla. 4th DCA 2011). Courts have broad discretion to balance the

interests involved and to protect treating physicians from overly intrusive financial discovery. Brown, 152 So.3d at 605. Yet, "the rule limiting financial discovery from retained experts cannot be used to hide relevant information regarding a treating physician's possible bias or the reasonableness of the charges at issue in the litigation." Id. Whitesands and Columna argue that the discovery requested by Home Depot is overly intrusive and not warranted by the facts of this case.

Home Depot counters that the requested documents and areas of inquiry are necessary to establish bias on the part of the medical providers and to contest the reasonableness of Plaintiff's medical bills. Home Depot seeks to discover the medical providers' practice of providing care and billing under a letter of protection, as was done in this case. More specifically, Home Depot seeks to discover whether and the extent to which Plaintiffs' medical providers write down or sell letter of protection bills. Home Depot argues that such information is relevant to the issue of the reasonableness of Plaintiff's medical bills.

"A letter of protection is a document sent by an attorney on a client's behalf to a healthcare provider when the client needs medical treatment, but does not have insurance. Generally, the letter states that the client is involved in a court case and seeks an agreement from the medical provider to treat the client in exchange for deferred payment of the provider's bill from the proceeds of [a] settlement or award; and typically, if the client does not obtain a favorable recovery, the client is still liable to pay the provider's bills." Carnival Corp. v. Jimenez, 112, so.3d 513, 516-17 n. 3 (Fla. 2nd DCA 2013) (quoting C. Pace, Tort Recovery for Medicare Beneficiaries: Procedures, Pitfalls and Potential Values,

4

49 Hous. Law. 24, 27 (2012)).[2]  Florida courts have recognized that a letter of protection gives the treating physician a "financial interest in the outcome" of the litigation; it is evidence that a physician is more likely to testify favorably on behalf of a plaintiff because of that financial interest in the case.  <u>Jimenez</u>, 112 So.3d at 520; <u>see also</u>  <u>Allstate Ins. Co. v. Boecher</u>, 733 So.2d 993, 997-98 (Fla. 1999)("A party is entitled to argue to the jury that a witness might be more likely to testify favorably on behalf of the party because of the witness's financial incentive to continue the financially advantageous relationship.")

Whitesands and Columna argue that a letter of protection is not, without more, sufficient evidence of bias to allow discovery into the medical providers' financial information.  <u>See</u> <u>Katzman v. Rediron Fabrication, Inc.</u>, 76 So.3d 1060, 1064 (Fla. 4th DCA 2011)(explaining that it is a "direct referral by the [plaintiff's] lawyer to the doctor [and not a letter of protection] that creates a circumstance that would allow the defendant to explore possible bias on the part of the doctor").  Whitesands and Columna argue that there is no evidence here of an attorney referral and, therefore, Home Depot has not proffered the necessary threshold evidence of bias that would permit discovery of their financial information.  The Court, however, is not persuaded and finds  that Home Depot has raised sufficient circumstances to establish the relevancy and, therefore, to justify some inquiry into the medical providers' financial information.

First, the Florida Fourth District Court of Appeal specifically stated that it never intended to restrict more expansive discovery of medical providers to instances where

---

[2]Although it is unknown by the Court whether the letters of protection signed by Plaintiff had been generated by Plaintiff's counsel or by the medical providers, the distinction is not material.

5

there is a direct referral.  Brown, 152 So.3d at 604.  In this case, the physician referral was not direct, but indirect: Plaintiff's counsel referred Plaintiff to a chiropractor who, in turn, referred Plaintiff to Whitesands and Columna.  The record, therefore, does not establish an "arm's-length" relationship between Plaintiff and the medical providers.  Furthermore, although the Court was not advised whether the letters of protection originated with Plaintiff's counsel or with the medical providers, it has been represented (and was not contradicted) that Plaintiff does have insurance (either private insurance or Medicaid), yet has chosen to proceed under a letter of protection rather than seek insurance reimbursement for his medical bills.  Finally, the medical providers have acknowledged that neither has contracts with private insurance or with Medicare or Medicaid; their practices are conducted entirely through letters of protection or through patients who self-pay.  The medical providers charge the same amount regardless of whether a patient is insured or under a letter of protection.  The Court finds that the amount(s) ultimately accepted by these medical providers under letters of protection is relevant to the reasonableness of the medical bills and that Home Depot has proffered a sufficient basis for obtaining that information.[3]

The medical providers argue that compiling the matters requested would be burdensome ; it would require a case-by-case review and the production of individual patient files, which they contend would violate the patients' privacy rights under state and federal law.  They also contend that the matters requested contain confidential trade secrets and private financial information.

---

[3]This finding is limited to these particular medical providers and their treatment of Plaintiff and does not apply to any of Plaintiff's other medical providers.

Based upon the foregoing, the Court concludes that Home Depot has established that some of the areas of inquiry of the corporate designees are relevant to the parties' claims and defenses and are discoverable. In reaching this conclusion, the Court has considered Home Depot's need for the information, the medical providers' privacy interests, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b)(1). In light these considerations, and to balance Home Depot's need for information with the burden on the non-party witnesses, the Court will permit inquiry into some of the matters listed in the subpoenas duces tecum, but will limit the areas of inquiry as to other matters. Fed. R. Civ. P. 26(c)(1)(D). The Court will address each area of inquiry separately.

<u>Areas of inquiry</u>:

1. The names and identities of all persons or entities who hold or have held a direct or indirect ownership interest in ("you") from 2012 to present. Please be prepared to specifically state whether any of Plaintiff's treating physicians hold an ownership interest in your facility or have a revenue sharing agreement with your facility, and be prepared to explain the extent of this interest.

    The objections of Whitesands and Columna to this area of inquiry (No. 1) are **OVERRULED IN PART AND SUSTAINED IN PART**. Responses to this area of inquiry will be limited to the period between January 2014 and December 2015.

2. The percentage of your revenue that is generated from treating patients with injury claims in the last three full years. Please be prepared to specify the percentage of revenue derived from (1) PIP claims; (2) Letter of Protection claims; (3) Worker's Compensation claims and (4) Fees for Depositions, Reports and trial testimony.

       The objections of Whitesands and Columna to this area of inquiry (No. 2) are **OVERRULED IN PART AND SUSTAINED IN PART**. The area of inquiry is modified as follows:

> 2. *A good faith approximation of the percentage of your revenue that is generated from treating patients with injury claims in the six months preceding and the six months following Plaintiff's first date of treatment. Please be prepared to provide a good faith approximation of the percentage of revenue derived from Letter of Protection claims and Fees for Depositions, Reports and trial testimony.*

3. Whether you accept, or are "in network" for Medicare or any private health insurance company, and if so, the amounts you have previously agreed to accept from Medicare or any private insurers (whether in network or out of network) for the types of treatments you rendered to the Plaintiff in this matter. If you are in network, Defendant does not object to a limited scope confidentiality order to prevent disclosure of your agreed-upon reimbursement rates.

       The objections of Whitesands and Columna to this area of inquiry (No. 3) are **OVERRULED.**

4. If any of Plaintiff's treating physicians hold an ownership interest in your facillity, provide the number of patients treated for three years who have been referred by Plaintiff's law firm and the total amount billed for these patients. No treatment records or personally identifying information requested.

       The objections of Whitesands and Columna to this area of inquiry (No. 4) are **OVERRULED.**

5. The names of all medical billing and or recordkeeping software your practice uses, and the specific manner in which this software records, generates, and tracks bills, payments adjustments and law firms.

       The objections of Whitesands and Columna to this area of inquiry (No. 5) are **SUSTAINED WITHOUT PREJUDICE** to renew if necessary in light of the testimony offered at the depositions.

6. Your billing policies and procedures. This includes but is not limited to information regarding the manner in which you set your charges, the manner in which you select the CPT codes for procedures performed, the manner in which you determine what amount of payment to accept for your medical services, and the identities of all persons responsible for setting, generating, negotiating or collecting medical bills.

The objections of Whitesands and Columna to this area of inquiry (No. 6) are **SUSTAINED WITHOUT PREJUDICE** to renew if necessary in light of the testimony offered at the depositions.

7. Your policies, procedures and practices regarding unpaid bills of personal injury plaintiffs. This includes policies regarding collections, lawsuit settlements, and jury verdicts.

The objections of Whitesands and Columna to this area of inquiry (No. 7) are **OVERRULED.**

8. Whether you have ever accepted less than the full face value of a medical bill generated under [a] Letter of Protection, and if so, the average percentage discount you have accepted in the last three full years.

The objections of Whitesands and Columna to this area of inquiry (No. 8) are **OVERRULED IN PART AND SUSTAINED IN PART**. The area of inquiry is modified as follows:

> *Whether you have ever accepted less than the full face value of a medical bill generated under Letter of Protection, and if so, the approximate average percentage discount you have accepted during the six months preceding and the six months following Plaintiff's first date of treatment.*

9. Whether any bills issued under [a] letter of protection by you have ever been sold and/or transferred to any third parties as accounts receivable in the last three full years, and if so, the average percentage discount from face value these bills were sold for.

9

The objections of Whitesands and Columna to this area of inquiry (No. 9) are **OVERRULED.**

10. The total face value of all bills sold and/or transferred to a third party within the last three years, and the total amount paid for these bills.

The objections of Whitesands and Columna to this area of inquiry (No. 10) are **OVERRULED.**

As to the testimony of the corporate designee, the medical providers are reminded that "a 30(b)(6) deponent [has] an affirmative obligation to educate himself as to the matters regarding the corporation.' Calzaturficio S.C.A.R.P.A. s.p.a v. Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75 (D.Neb.1995) ('If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.')." Chick fil A v. ExxonMobil Corp., No. 08 61422 CIV, 2009 WL 3763032, at *11 (S.D. Fla. Nov. 10, 2009).

<u>The documents requested.</u>

The documents requested to be produced pursuant to the subpoenas duces tecum are: 1. Copies of all billing and financial records you reviewed in order to prepare for this deposition.  Do not include any patient names or identities; 2. Any and all medical records concerning the Plaintiff in this matter; and  3. Any and all medical bills concerning the Plaintiff in this matter.

Whitesands and Columna do not object to production of the medical records and bills concerning the Plaintiff.  Those documents will be produced at deposition.

Whitesands and Columna do object to producing the copies of all billing and financial records reviewed in preparation for the deposition.  In balancing Home Depot's need for the requested discovery against the burden on the non-party medical providers, the Court finds that production of the underlying billing and financial records is burdensome and invasive, at least at this time.  Accordingly, the Court will **SUSTAIN** the objections to producing the billing and financial records that do not pertain to the Plaintiff, without prejudice for Home Depot to renew the requests following the depositions, in the event production is deemed necessary in order to answer the areas of inquiry that have been otherwise ordered herein.  For all of the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Prestige Orthopedics, LLC d/b/a Whitesands Orthopedics ("Whitesands") Motion to Quash and/or Motion for Protective Order [DE 23] and Thomas Roush, M.D./Columna, Inc.'s ("Columna")  Motion for Protective Order and/or to Quash Subpoena Duces Tecum for Deposition [DE 33] are **GRANTED IN PART AND DENIED IN PART** as set forth above.  The depositions duces tecum will proceed as scheduled, subject to the Court's modifications and limitations contained herein.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of July, 2016.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF

11